NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL CARTER, | : | Civil Action No. 03-0934 (FLW) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

**APPEARANCES:**

    DANIEL CARTER, #382087c
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302
    Petitioner Pro Se

    DEBORAH BARTOLOMEY, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**WOLFSON**, District Judge

    Daniel Carter filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Cumberland County, filed on July 6, 1999.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed in the Superior Court of New Jersey, Cumberland County, on July 6, 1999, after Petitioner entered a plea of guilty to vehicular homicide, contrary to N.J. Stat. Ann. § 2C:11-5.  The Law Division sentenced Petitioner to a five-year term of imprisonment, with a parole ineligibility period of four years, three months and one day, pursuant to the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2, ("NERA), and a three-year period of parole supervision after release.  Petitioner appealed and in an opinion filed August 1, 2000, the Appellate Division affirmed the conviction and sentence.  Petitioner did not file a petition for certification in the New Jersey Supreme Court.  Nor did Petitioner seek post-conviction relief in the New Jersey courts.

On February 5, 2003, Petitioner executed the § 2254 Petition which is now before this Court.  The Clerk received it on February 26, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts two grounds, which are set forth below verbatim:

> Point One:  THE DEFENDANT MR. CARTER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS IS GUARANTEED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER THE NEW JERSEY STATE CONSTITUTION (ART. 1 Para. 10).
>
> Point Two:  SENTENCING REQUIREMENTS UNDER NO EARLY RELEASE ACT (85%) - THE DEFENDANT SHOULD NOT HAVE BEEN EXPOSED TO NERA, BECAUSE HIS CRIME WAS NOT INTENTIONAL.  HE ALSO WAS NOT PROPERLY APPRAISED OF THE ENTIRE SENTENCE

>       EXPOSURE THAT ATTACHED TO THE PLEA WHEN NERA
>       ATTACHED.  DEFENDANT DANIEL CARTER'S ATTORNEY
>       DID NOT PROTECT HIM FROM THIS ATTACHMENT BY
>       MAKING HIM AWARE OF IT UP FRONT.

(Pet. Legal Argument, Points One and Two.)

Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred and on the merits.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

>       (A) the date on which the judgment became final by the conclusion
>       of direct review or the expiration of the time for seeking such
>       review;
>
>       (B) the date on which the impediment to filing an application
>       created by State action in violation of the Constitution or laws of
>       the United States is removed, if the applicant was prevented from
>       filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially
>       recognized by the Supreme Court, if the right has been newly
>       recognized by the Supreme Court and made retroactively
>       applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims
>       presented could have been discovered through the exercise of due
>       diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Appellate Division of the Superior Court of New Jersey affirmed Petitioner's conviction on August 1, 2000.  The statute of limitations therefore began to run 30 days later on August 31, 2000, the date on which the judgment became final by the expiration of the time for filing a petition for certification in the Supreme Court of New Jersey.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004) (judgment becomes final after time for seeking discretionary review expires when discretionary review is not sought); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (if defendant does not file certiorari petition in United States Supreme Court, judgment of conviction becomes final when time for seeking certiorari review expires); 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, the limitations period expired one year later on August 31, 2001.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under certain circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Because Petitioner did not file a state petition for post conviction relief, the limitations period was not statutorily tolled.

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  The one-year limitations period is subject to equitable tolling "only in the rare situation

4

where equitable tolling is demanded by sound legal principles as well as the interests of justice."

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner has not argued that the limitations period should be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.  Because Petitioner's direct appeal became final on August 31,

2000, Petitioner had one year or until August 31, 2001, to file his § 2254 Petition. Petitioner did not execute the § 2254 Petition until February 5, 2003. Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations and dismisses the Petition with prejudice.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

The Court dismisses the Petition with prejudice and denies a certificate of appealability.


                                              s/Freda L. Wolfson
                                              FREDA L. WOLFSON, U.S.D.J.

DATED:  October 14 , 2005